IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ADRIAN GUY, GABRIELLE GUY,
and ESTELLA GUY                                                                  PLAINTIFFS

V.                                      3:10CV00255JMM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.; WELLS FARGO AUTO
FINANCE, LLC                                                                     DEFENDANTS

## ORDER DENYING MOTION FOR REMAND

Pending is the Plaintiffs' Motion for Remand of their case back to state court. The Defendant State Farm Mutual Automobile Insurance Co. ("State Farm") has responded to the motion. For the reasons set forth below, the Motion to Remand is DENIED.

I.  Facts

This case involves a 2003 Chevrolet Silverado pickup which was initially purchased by Plaintiff Estella Guy for use by her son and daughter-in-law, Adrian and Gabrielle Guy. The truck was financed by Defendant Wells Fargo Auto Finance, LLC and payments were made by Adrian and Gabrielle Guy. The truck was insured for collision and comprehensive coverage through State Farm.

According to the Complaint, the truck was stolen from downtown Memphis, Tennessee, near Beale Street on September 6, 2008 while Adrian was visiting the popular entertainment district. The theft was reported to the Memphis Police Department. However, the truck has never been recovered.

Plaintiffs claim that Adrian notified State Farm of the loss on September 8, 2008 but State Farm failed to respond to the claim. Adrian inquired about the status of his claim with

State Farm in October. Plaintiffs claim that State Farm then sent Adrian a letter asking him to submit to a examination under oath about the loss.

On November 4, 2008, Adrian appeared for the examination under oath. Plaintiffs allege that Adrian was truthful and forthcoming about the theft. However, Plaintiffs claim that most of the questions during the examination focused on Adrian's personal life. State Farm notified the Plaintiffs that their claim for theft of the truck was denied on March 16, 2009 by letter.

Plaintiffs filed suit against State Farm in Crittenden County Circuit Court for breach of contract, bad faith, and fraud in investigation of claims. Plaintiffs have included Defendant Wells Fargo has a defendant in the case stating,

> Wells Fargo, as an insured under the Policy and lienholder on the Pickup, is listed nominally as a Defendant, and has an interest in and entitled to notice of these proceedings. It is further entitled to have its rights and interest in the Pickup, under the Policy, and in any resulting judgment determined herein (subject to Plaintiffs' attorneys' fees and expenses in recovering from State Farm.) However, Plaintiffs seek no affirmative relief or judgment against Wells Fargo and would have no objection to the Court realigning Wells Fargo as a party plaintiff in this matter.

(Complaint, at p. 10). Wells Fargo does not object. (Answer of Wells Fargo, at p. 6).

State Farm timely removed the action from the Crittenden County Circuit Court on October 20, 2010. Plaintiffs have filed a motion to remand because 1) Wells Fargo did not consent to the removal; 2) the amount in controversy is less than the $75,000 necessary for federal diversity jurisdiction; and 3) there is not complete diversity between the Plaintiffs and the Defendants. State Farm has responded.

II.     Discussion of the Law

Any civil action brought in state court which alleges claims within the original jurisdiction of the United States District Courts may be removed by the defendant to the

appropriate federal court. 28 U.S.C. §1441(a). The Court's original jurisdiction, of course, includes diversity jurisdiction. Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure. 28 U.S.C. § 1447(c). If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. In making this determination, the Court must resolve all doubts in favor of a remand to state court. *See In re Business Assuance Co. Of America,* 992 F.2d 181, 183 (8th Cir. 1993).

    A.    <u>Consent to Removal</u>

"Removal is authorized by 28 U.S.C. § 1441 and governed by § 1446. Where there are multiple defendants, all must join in a petition to remove within thirty days of service." *Thorn v. Amalgamated Transit Union,* 305 F.3d 826, 833 (8th Cir. 2002)(citing *Marano Enters. of Kan. v. Z-Teca Rests., L.P.*, 254 F.3d 753, 754 & n. 2 (8th Cir.2001)). Failure to join all defendants in a notice of removal renders the notice defective. *Horton v. Conklin*, 431 F.3d 602, 604 (8th Cir. 2005)(citing *Marano,* 254 F.3d at 755 n.2 ("Under the rule of unanimity, ordinarily all defendants must join in a notice of removal or the case will be remanded.")). *See Dahl v. R.J. Reynolds Tobacco Co.,* 478 F.3d 965, 968 (8th Cir. 2007)(" Federal courts . . . are strictly to construe legislation permitting removal.").

"One recognized exception to this so-called unanimity rule is that nominal or formal parties are not required to join in the notice of removal." *Allen v. Monsanto Co.*, 396 F.Supp. 2d 728, 732 (S.D.W.Va. 2005); *Thorn v. Amalgamated Transit Union*, 305 F.3d 826, 833 (8th Cir. 2002). This nominal party defendant exception is limited "to situations in which it is clear that the defendant is not a necessary or an indispensable party as a matter of law, the party has

nothing at stake in the litigation, and no real, present claim for relief is being sought against the party." *See Fisher v. Dakota Cmty. Bank*, 405 F.Supp.2d 1089, 1095 (D.N.D. 2005); *see also Dumas v. Patel*, 317 F.Supp.2d 1111, 1113 n. 5 (W.D.Mo. 2004) ("A nominal party has been defined as '[a] party who, having some interest in the subject matter of a lawsuit, will not be affected by any judgment but is nonetheless joined in the lawsuit to avoid procedural defects.' ") (quoting Black's Law Dictionary 1145 (7th ed.1999)).

It is undisputed that Wells Fargo has not consented to removal. In most cases this fact would dictate that removal was defective. In this case, however, the Plaintiffs have stated in their Complaint that Wells Fargo is a nominal party and should be considered a plaintiff instead of a defendant in the action. Wells Fargo has agreed. In the Motion to Remand, Plaintiffs do not argue otherwise. The Court agrees. Therefore, the Court finds that the nominal party exception applies and Wells Fargo's consent to removal is unnecessary.

The question also remains as to whether the parties should be realigned as suggested by all of the parties.

> For purposes of removal, federal law determines who is a plaintiff and who is a defendant. Wright, Miller& Kane, Federal Practice and Procedure § 3723. As such, a federal court must realign the parties according to their sides in the dispute. *Id.* at § 3607. Alignment is proper when parties with the same ultimate interests in the outcome of the action are on the same side of the litigation. *Id.* Accordingly, the basic inquiry is to discern "the principal purpose of [the] suit and [the] primary and controlling matter in dispute." *Universal Underwriters Insurance Co. v. Wagner*, 367 F.2d 866, 870 (8th Cir.1966).

*Farmers Bank and Trust Co. v. Ameris of Arkansas, LLC,* 2010 WL 4269192, 3 (E.D.Ark. 2010). "The controversy must be actual and substantial." *Universal Underwriters Ins. Co. v. Wagner,* 367 F.2d 866, 870 (8th Cir. 1966) (citations omitted).

The principal purpose of this suit is to recover for the theft of the truck under the automobile insurance policy issued by State Farm. If the Plaintiffs are successful in their claims against State Farm then Wells Fargo may be entitled to payment for the lien on the truck directly from State Farm. Plaintiffs have stated they have no claim against Wells Fargo. Wells Fargo and the Plaintiffs have the same ultimate interests in the outcome of the action and should be realigned on the same side of the litigation. For this reason, Wells Fargo is realigned as a plaintiff in this case.

B. Amount in Controversy

"[W]here . . . the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party must prove by a preponderance of the evidence that the amount exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003). "However, the Defendants need not prove the Plaintiffs' case to satisfy their burden of proving the amount in controversy by a preponderance of the evidence." *Haynes v. Louisville Ladder Group, LLC*, 341 F.Supp.2d 1064, 1069(E.D. Ar. 2004).

State Farm contends that the damages sought by the Plaintiffs are in excess of $75,000. According to the Complaint, Plaintiffs seek unpaid claims under the policy, damages in the form of interest, penalties, attorneys' fees, loss of use of the truck, damages to Plaintiffs' reputations pursuant to Arkansas Constitution Article 2 §2, other economic harm to Plaintiffs, other items owed to or claimed by Wells Fargo under its Retail Installment Sales Contract, punitive damages, attorneys' fees and a 12% penalty pursuant to Arkansas Code Annotated § 23-79-208. Plaintiffs have admitted that they owed $23,198.33 to Wells Fargo for the truck. They initially purchased the truck for $24,998.00. If Plaintiffs are successful on their contract claim they could

recover the purchase price plus a 12% penalty of approximately $3,000 and interest.

Defendants have cited the Court to several Arkansas insurance breach of contract and bad faith cases where the plaintiffs were seeking the same types of damages as the Plaintiff in the instant case. The damages awarded in these cases were in excess of $75,000. In *Columbia Nat'l Ins. Co. v. Freeman*, 64 S.W.3d 720 (Ark. 2002), the plaintiff claimed the insurer failed to promptly and completely pay for property damage resulting from a fire to an insured structure. The jury returned a verdict in favor of plaintiff for $170,000 in compensatory damages and $200,000 in punitive damages based on the bad faith claim. In *MFA Mutual Ins. Co. v. Keller*, 623 S.W.2d 841 (Ark. 1981), plaintiff filed suit against the insurer seeking $44,000 in damages plus penalty, attorneys' fees, and punitive damages. The jury returned a verdict in favor of plaintiff for the entire $44,000 in loss plus $5,280 in statutory penalty, $15,000 for attorneys' fees, $75,000 in compensatory damages, and $124,000 in punitive damages with interest.

Although State Farm has not offered any evidence to prove the amount in controversy, the calculation of the specific damages requested together with attorneys' fees, the penalty, and potential punitive damages show that it is "more likely than not" that Plaintiffs have placed more than $75,000 in controversy. Plaintiffs have not offered any evidence to rebut State Farm's arguments. Therefore, the Court finds that State Farm has met its burden to prove, by a preponderance of the evidence, that the amount in controversy in this case is greater than $75,000.

III.    Conclusion

Plaintiffs' Motion to Remand (Docket # 8) is DENIED.

IT IS SO ORDERED this 31st day of March, 2011.

                                                                                                                  _____
                                                                                                                  James M. Moody
                                                                                                                  United State District Judge