IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

ADRIAN GUY, GABRIELLE GUY,
and ESTELLA GUY                                                              PLAINTIFFS

V.                                    3:10CV00255JMM

STATE FARM MUTUAL AUTOMOBILE
INSURANCE CO.; WELLS FARGO AUTO
FINANCE, LLC                                                                 DEFENDANTS

## ORDER

Pending is State Farm's motion for partial summary judgment. Plaintiffs filed a response, to which State Farm filed a reply. For the reasons stated below, State Farm's motion is GRANTED.

## FACTS

The plaintiffs in this case are Adrian Guy, his wife, Gabrielle, and his mother, Estella Guy. In 2003, Estella, purchased a truck for Adrian. Adrian purchased an insurance policy on the truck from State Farm.

On September 6, 2008, Adrian went to meet friends on Beale Street in Memphis, TN. Upon arrival, he parked his truck and set off on foot to join his friends. When he returned to where he had parked his truck, he found broken glass in its stead. Adrian immediately reported the theft to a Memphis police officer, who filed a report. Two days later, Adrian notified State Farm that his truck had been stolen.

On September 23, Adrian gave an oral statement to State Farm. Dissatisfied with State Farm's progress in addressing his claim, Adrian requested status updates. In response, State Farm told him the claim was still under investigation.

On October 31, State Farm's attorney requested Adrian give an Examination Under Oath on November 4. During the examination, State Farm's attorney questioned Adrian regarding his income and tax filings, his friends' drug usage, he and his friends' alcohol consumption on the night of the theft, and his acquaintance on that night with a woman other than his wife.

On March 16, 2009, State Farm denied Adrian's claim. State Farm did not offer its factual bases for the denial, instead citing two policy provisions for its decision:

> THERE IS NO COVERAGE FOR:
> 1. Any covered vehicle that is:
>    a. Intentionally damaged; or
>    b. stolen;
>    c. By or at the direction of an insured.
>
> GENERAL TERMS
> . . .
>
> 11. CONCEALMENT OR FRAUD
> There is no coverage under this policy if you or any other person insured under this policy has made false statements with the intent to conceal or misrepresent any material fact or circumstance in connection with any claim under this policy.

(Docket # 47, Ex. 7). When the plaintiffs' attorney requested that State Farm provide facts to support denying Adrian's claim, State Farm responded by referring him to the March letter.

Plaintiffs now allege State Farm committed the tort of bad faith by 1) questioning Adrian about matters irrelevant to his theft claim, 2) failing to investigate Adrian's claim, 3) falsely accusing the plaintiffs of participating in stealing the truck, 4) falsely accusing the plaintiffs of concealing or and misrepresenting material facts surrounding the theft, 5) refusing to provide plaintiffs with the basis for its accusations, and 6) not investigating the claim in good faith.

SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when there is no genuine issue of material fact and the dispute may be decided solely on legal grounds. *Seymour v. City of Des Moines,* 519 F.3d 790,

796 (8th Cir.2008); Fed.R.Civ.P. 56. The initial inquiry is whether there are genuine factual issues that can be properly resolved only by a finder of fact because they may reasonably be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Where a motion for summary judgment is properly made and supported, an opposing party must set forth specific facts showing a genuine issue for trial. *See* Fed.R.Civ.P. 56(e)(2).

## DISCUSSION

Arkansas recognizes the tort of bad faith. *Aetna Casualty & Surety Co. v. Broadway Arms Corp.*, 281 Ark. 128, 664 S.W.2d 463 (1984). To prove bad faith, the insured must demonstrate "affirmative misconduct by the insurance company, without a good faith defense," and the misconduct "must be dishonest, malicious, or oppressive in an attempt to avoid its liability under the insurance policy." *Id.,* 664 S.W.2d at 465. Moreover, the insurer's affirmative misconduct must be carried out with a state of mind characterized by "hatred, ill will, or a spirit of revenge." *State Auto Prop. & Cas. Ins. Co. v. Swaim*, 338 Ark. 49, 56, 991 S.W.2d 555, 559 (1999). This standard is rigorous and difficult to satisfy. *Delta Rice Mill, Inc. v. General Foods Corp.*, 763 F.2d 1001 (8th Cir. 1985). Mere denial of a claim will not sustain an action for bad faith. *Swaim*, 338 Ark. At 56, 991 S.W.2d at 559.

The plaintiffs have not shown that State Farm engaged in affirmative misconduct that amounts to bad faith. The *Swaim* court listed misconduct that does:

> Examples of cases where we have found substantial evidence of bad faith include where an insurance agent lied by stating there was no insurance coverage; aggressive, abusive, and coercive conduct by a claims representative, which included conversion of the insured's wrecked car; and where a carrier intentionally altered insurance records to avoid a bad risk.

338 Ark. at 58, 991 S.W.2d at 561.

Here, State Farm thoroughly investigated the plaintiffs' claim. The plaintiffs disagree with State Farm's handling of the claim and, ultimately, its decision to deny the claim. But none of their allegations demonstrate affirmative misconduct of the sort Arkansas deems bad faith. And plaintiffs provide no evidence that "hatred, ill will, or a spirit of revenge" characterized State Farm's conduct. *See Swaim, supra.* A reasonable jury could not find otherwise.

## **CONCLUSION**

State Farm's motion for partial summary judgment (Docket # 36) is granted.

IT IS SO ORDERED this 25th day of September, 2012.

_____
James M. Moody
United States District Judge